## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE: | ) | No. 1:20-cv-00813-LPS |
|  | ) |  |
| ALTABA, INC., | ) |  |
|  | ) |  |
| Petitioner. | ) |  |

## JOINDER OF CLAIMANT DROPLETS, INC. IN ALTABA, INC.'S AND THE UNITED STATES OF AMERICA'S JOINT MOTION TO SEVER AND REMAND CERTAIN CLAIMS TO THE DELAWARE COURT OF CHANCERY

Droplets, Inc. ("Droplets"), by and through its undersigned counsel, hereby joins in Altaba, Inc.'s and the United States of America's Joint Motion to Sever and Remand Certain Claims To the Delaware Court of Chancery (the "Joint Motion"), which was filed in the above-captioned action on June 29, 2020. If this Court retains the claim asserted by the Internal Revenue Service (the "Service") to determine the amount and form of security sufficient to provide compensation for the Service's claims (the "IRS Claim"), Droplets joins in the request that its claims and other claims unrelated to the IRS Claim should be severed from this action, and remanded to the Delaware Court of Chancery.[1] In support of its Joinder, Droplets states as follows:

1. The Delaware General Corporation Law ("DGCL") sets forth a unique, multi-step procedure, in which a Delaware corporation is authorized to dissolve with approval of its board and shareholders, followed by a three-year wind up period and a claim-petition procedure that authorizes the Delaware Court of Chancery to determine the amount and form of security sufficient to provide compensation for claims, before distribution of the remaining assets of the corporation to its shareholders. *See* 8 *Del. C.* §§ 275, 278, 280-82.

---

[1] By this Joinder to the request to sever and remand claims unrelated to the IRS's claim, Droplets is not waiving its right to challenge, or agreeing to the propriety of the Service's removal of this action, nor is it conceding that this Court has jurisdiction over any aspect of this removed dissolution proceeding.

2.      In accordance with Section 275 of the DGCL, Altaba, Inc. ("Altaba") filed a Certificate of Dissolution with the Delaware Secretary of State on October 4, 2019.  Following receipt of Altaba's Notice to Claimants, on December 6, 2019, Droplets served its Presentment of Claims letter on Altaba, in which Droplets asserted an amount of security sufficient to provide compensation for Droplets' claims against Altaba.

3.      On May 28, 2020, Altaba filed its Verified Petition for Determinations pursuant to DGCL § 280.  In its Petition, Altaba requests that the Court enter an interim order barring certain unasserted claims and authorizing Altaba to make an interim distribution of assets to its stockholders, as well as seeking a final order of security for claims pursuant to 280(b)(c) of the DGCL.  Altaba proposes an interim amount of security to compensate Droplets for its claims in the Petition.  On June 4, 2020, the Delaware Court of Chancery issued a Notice and Order Regarding Proceedings Pursuant to Section 280 of the Delaware General Corporation Law and Right to Appear (the "Notice and Order").

4.      Pursuant to the Notice and Order, Droplets filed on June 23, 2020 in the Delaware Court of Chancery, a Statement of its position in response to the relief proposed by Altaba in its Petition.  In its Statement, Droplets did not object to the interim amount of security for its claims, but vehemently objected to the $0 amount proposed for security for its claims in the Final Order.  Since that time, other claimants have also filed Statements of their positions in the Delaware Court of Chancery.  Accordingly, the multi-stepped claims-petition procedure set forth under DGCL § 280 is far along in the Delaware Court of Chancery.

5.      For the reasons stated in the Joint Motion, if this Court retains the IRS Claim, the remainder of the dissolution proceeding regarding Droplets' claims and other claims unrelated to the IRS Claim, should be severed from this action, and remanded to the Delaware Court of Chancery.

6.     The doctrine of abstention provides a separate and independent basis for remanding Droplets' claims to the Delaware Court of Chancery.  The "United States Supreme Court has established that, under exceptional circumstances, a district court may abstain from adjudicating a controversy before it 'for reasons of wise judicial administration.'"  *Westwood v. Fronk*, 177 F. Supp. 2d 536, 543 (N.D.W. Va. 2015) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

7.     "Exceptional circumstances" that weigh in favor of abstention to support remand include a state's strong interest in the issues being adjudicated and where proceeding in state court would be more efficient.  *See, e.g., Chapman v. Clarendon Nat'l Ins. Co.*, 299 F. Supp. 2d 559 (E.D. Va. 2004) (remanding an action, in part, because the action involved issues "especially important to a state and particularly appropriate for state court adjudication"); *Westwood*, 177 F. Supp. 2d 536 at 544 (abstaining from asserting jurisdiction, in part, because the claims "involve[d] issues of state statutes and common law" that were "appropriate for adjudication in state court").

8.     In particular, "[i]t has long been accepted practice for the federal courts to relinquish their jurisdiction in favor of the state courts, where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state." *Pennsylvania v. Williams*, 294 U.S. 176, 185 (1935). "[F]ederal courts should abstain from interfering with the development and administration of the complex statutory schemes that states have devised to regulate corporations created under their laws."  *In re English Seafood (USA) Inc.,* 743 F. Supp. 281, 288-89 (D. Del. 1990) (noting that the "state of Delaware has a strong interest in the formation and termination of corporations under its laws and in the uniform development and application of the statutory scheme that the state legislature and courts have created to regulate those corporations" and concluding that "abstention [wa]s required" in a corporate dissolution action).

9.      The Court of Chancery is well-positioned and uniquely qualified to provide an expedient and efficient resolution to determine the amount and form of security sufficient to provide compensation for the myriad of claims governed by various laws under the claims-petition procedure in DGCL § 280.  Further, Delaware has a very strong interest in the orderly dissolution and governance of dissolved corporations organized under Delaware law.  As the Delaware Court of Chancery has emphasized, Delaware "has a strong interest in resolving issues concerning the internal affairs of a Delaware corporation promptly and efficiently."  *McElroy v. Schomstein*, 2012 WL 2428343, at *1 (Del. Ch. June 20, 2012); *see also In re Molycorp, Inc. S'holder Deriv. Liti*g., 2014 WL 1891384 (Del. Ch. May 12, 2014) (stating that the Delaware Court of Chancery "has long recognized Delaware's strong interest in promptly, uniformly, and authoritatively deciding" issues relating to the internal affairs of a corporation).  Moreover, the Delaware dissolution proceedings are a creature of Delaware state law and there is no federal procedural or substantive equivalent.  If this Court were to broadly retain the dissolution proceedings or non-tax related claims, it would lead to confusion regarding applicable procedures in the proceedings at large.

10.      In sum, for the foregoing reasons, as well as the reasons set forth in the Joint Motion, Droplets respectfully requests that its claims, along with the other claims subject to the Joint Motion, other than the IRS claim, be severed from this action, and remanded to the Delaware Court of Chancery.

**MORRIS JAMES LLP**

*/s/ Albert H. Manwaring, IV*
Albert H. Manwaring, IV (#4339)
Kirsten Zeberkiewicz (#4573)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
(302) 888-6800
amanwaring@morrisjames.com
kzeberkiewicz@morrisjames.com

Dated:  July 13, 2020                    *Attorneys for Claimant Droplets, Inc.*

11844661