IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ALTABA, INC., ) | Case No. 1:20-cv-00813-LPS |
| ) | |
| Petitioner. ) | |
| ) | |

**UNITED STATES' REPLY TO THE OPPOSITION OF VERIZON
COMMUNICATIONS INC. AND OATH HOLDINGS INC.**

The United States of America submits the following reply to the Opposition of Verizon Communications Inc. and Oath Holdings Inc. with respect to the Joint Motion to Sever and Remand Certain Claims to the Delaware Chancery Court. Verizon Opp., ECF No. 20; Joint Mot., ECF No. 6. The United States agrees with Verizon that there is a common nucleus of operative fact between the Internal Revenue Service's claim for taxes and Verizon's tax-related indemnification claims. As a result, the United States agrees that Verizon could be prejudiced if it was deprived of the right to ensure that there is adequate security set aside for any potential federal tax liabilities for which it could be severally liable. Accordingly, there is a strong legal and equitable basis for the Court to exercise its supplemental jurisdiction over Verizon's state-law indemnification claim (or some part thereof); and, therefore, decline to sever and remand Verizon's claims back to the Delaware Court of Chancery.

1. In this matter, the Internal Revenue Service ("Service") asserted a claim against Altaba, Inc. ("Altaba") in the total amount of $1,501,161,359 ("IRS's federal tax claim"). Pet. ¶ 53; Notice of Removal ¶ 9, ECF No. 1; U.S. Counterclaim ¶¶ 6-14, ECF No. 5. The IRS's federal tax claim consists of claims for both income taxes for the taxable years 2016 through 2029, and employment taxes for all quarterly and annual taxable periods of 2014 through 2017 and 2019 through 2029. Counterclaim ¶ 6, ECF No. 5.

1

2. Under Delaware state law, during its dissolution proceedings, Altaba is required to set aside an "amount and form of security that will be reasonably likely to be sufficient to provide compensation for any claim against the corporation" ("holdback amount"). 8 Del. C. § 280(c).

3. Altaba seeks to hold back only $659,177,452 for the IRS's federal tax claim. Pet. ¶ 52.

4. The United States removed this action because Altaba's attempts to set a holdback amount less than the full amount of the IRS's federal tax claim violates both the Anti-Injunction Act and the doctrine of sovereign immunity. Notice of Removal, ECF No. 1; *see also* Answer, First Defense, ECF No. 5. Specifically, a determination as to the holdback amount could have the effect of limiting the amount of tax the Service would be able to collect from Altaba. This is because once the Court makes a determination as to the proper holdback amount for the IRS's federal tax claim, then Altaba is permitted to distribute all of its remaining assets to its shareholders. 8 Del. C. § 281(a). Under Delaware state law, Altaba's directors would claim to be completely absolved of personal liability, and its shareholders would likewise purport to enjoy limited liability under state law. *Id.* §§ 281(c), 282. This could make it exceedingly difficult, if not impossible, for the Service to collect the full amount of Altaba's current and future taxes.

5. Thus, Altaba's request that the Delaware Chancery Court determine a holdback amount that is approximately $842 million less than the full amount of the IRS's federal tax claim seeks to restrain collection of a federal tax in direct violation of the Anti-Injunction Act. *See* 26 U.S.C. § 7421(a). Further, Altaba failed to identify any waiver of sovereign immunity that would give the Chancery Court jurisdiction to determine a holdback amount that is less than the full amount of the IRS's federal tax claim. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994)

("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")

6.      In removing this action, the United States did not seek to disrupt the Delaware Chancery Court proceedings as to any other claimants.  It merely wanted to ensure that the determination of the holdback amount for its federal tax claim was properly before the district court, which is the only court that can issue orders that may be necessary and appropriate for the enforcement of the federal tax laws.  *See* Notice of Removal ¶¶ 41-45, ECF No. 1 (explaining that an order at the instance of the United States determining a holdback amount of the full amount of the Service's claim falls within the general jurisdiction of the district courts under 26 U.S.C. § 7402(a) to issue orders for the enforcement of the internal revenue laws).  *See also*, 28 U.S.C. §§ 1331, 1340.  *Accord*, Counterclaim ¶¶ 10-14, ECF No. 5 (same).

7.      As a result, the United States made clear in its Notice of Removal that it had "no objection to the Court remanding [other] claims back to the Delaware Chancery Court."  Notice of Removal ¶ 32 n.2, ECF No. 1.

8.      Believing that it would be most judicially efficient, and in the interests of all other claimants to remand all claims except for the IRS's federal tax claim back to the Delaware Court of Chancery, the United States joined in the Motion to Sever and Remand Certain Claims to the Delaware Chancery Court.  Joint Mot., ECF No. 6.

9.      The United States only became aware that one of the claimants may want to have the district court hear its claims when Verizon filed its letter on July 2, 2020, and Opposition on July 13, 2020.  *See* Verizon Statement, ECF No. 11; Verizon Opp., ECF No. 20.

10.      Verizon argues that the federal tax liabilities for which it is severally liable and for which Altaba has agreed to indemnify Verizon, are the same federal tax liabilities underlying

certain of the United States' claims for security in this action. Verizon Opp. ¶ 13, ECF No. 20. In particular, Verizon emphasizes that Altaba is seeking an amount of security that is approximately $842 million less than the amount of the IRS's federal tax claims against Altaba. *Id.* at ¶ 32. It further notes that Altaba is arguing that this significantly lower amount is sufficient security for both the IRS's federal tax claims and Verizon's tax-related indemnification claims. *Id.* Verizon therefore concludes that because the Service may seek payment from it if the amount held back by Altaba proves to be insufficient to cover the IRS's federal tax claim, Verizon may have no way to obtain indemnification from Altaba because nothing more would be held back for Verizon's indemnification claim. *Id*.

11.   While the United States agrees with Altaba that Verizon is seeking an amount of security that is significantly in excess of the Service's total tax claim, and thus in excess of Verizon's tax-related indemnification exposure, Verizon's position in this regard is not relevant to the issue now before the Court on the joint motion. *See* Pet. ¶ 57(c)(i)-(ii), ECF No. 1-1. The only issue on the joint motion is whether the Court has supplemental jurisdiction over all, or some part, of Verizon's state-law indemnification claim; and if so, whether the Court should exercise such jurisdiction.

12.   As it did in its Petition, the United States assumes Altaba will similarly argue in its Reply that the question before the Court in the Removal Action is whether Altaba needs to hold back the full amount of the IRS's federal tax claim under Delaware law, or some lesser amount. That is not, however, the question in this removal action. The only question under Delaware law in this proceeding, as Altaba itself acknowledges (Pet. ¶¶ 51-5), is whether the amount and form of security reserved by Altaba will be *reasonably likely to be sufficient* to provide compensation to the Service on its tax claim. *See* 8 Del. C. § 280(c).

13.     The Court will not address the underlying merits of the IRS's federal tax claim in the Removal Action.  Rather, that is the purpose of the Collection Action, filed by the United States against Altaba, concurrently with the filing of the Notice of Removal on June 16, 2020.  *See* Complaint To Reduce Tax Liabilities to Judgment*,* Civil Action No. 1:20-cv-00811, ECF 1.

14.     Even more fundamentally, just as the Chancery Court (*see* ¶ 5, *supra*), this Court also cannot set a holdback of less than the full amount of the IRS's federal tax claim. The reason is that such a holdback would have the effect of restraining the collection of Altaba's federal tax liabilities in violation of the Anti-Injunction Act.   As discussed in United States' Notice of Removal, the purpose of the Anti-Injunction Act is to allow the United States to assess and collect taxes without judicial intervention, and "to require that the legal right to the disputed sums be determined in a suit for refund." *Zarra v. United States*, 254 F. App'x 931, 933 (3d Cir. 2007) (quoting *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962)). Or, as here, to require Altaba to litigate any disputed sums in the pending Collection Action.

15.     As noted above, the only issue before the Court on the joint motion is whether it has supplemental jurisdiction over all, or some part, of Verizon's state-law indemnification claim.  That issue, in turn, turns on whether there is, or may be, a common nucleus of operative fact between the IRS's federal tax claim and Verizon's tax-related indemnification claim. Verizon Opp. ¶¶ 17, 24, 32-33, ECF No. 20.  *See also* 28 U.S.C. § 1367 (providing district courts with supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"); *MCI Telecommc'ns Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995) (explaining that for courts to exercise supplemental jurisdiction, "[t]he state and federal claims must derive from a common nucleus of operative facts, and the claims must be such that they would ordinarily be

expected to be tried in one judicial proceeding"). On this issue, the United States agrees with Verizon, that the federal tax liabilities for which it is severally liable are some of the same federal tax liabilities underlying the IRS's federal tax claim, and thus, the United States' claim for a holdback amount in this action. Consequently, there is a clear common nucleus of operative fact between the IRS's federal tax claim and Verizon's tax-related indemnification claim, and most certainly there is, to the extent Verizon may be liable for the payment of some of these same tax liabilities.

16.     Critically, as described above, Altaba's Petition is clear that it is not willing to hold back the full amount of the IRS's federal tax claim. Pet. ¶¶ 52-53, 54, 66, ECF No. 1-1. Further, the United States assumes that Altaba will confirm its unwillingness to reserve a holdback amount for the full amount of the IRS's federal tax claim in its Reply. As a result, because Altaba is refusing to hold back the full amount of the tax claim, Verizon may find itself severally liable for Altaba's tax liabilities under the indemnification agreement should Altaba choose to distribute all its assets in the dissolution proceedings rather than pay the tax claim. Verizon Opp. ¶¶ 17, 24, 32-33, ECF No. 20. Thus, the Court would have supplemental jurisdiction over Verizon's state-law indemnification claim, at least to this extent.

17.     Given these facts, the United States agrees with Verizon that it could be prejudiced if it were deprived of the right to ensure that there is adequate security set aside for any potential federal tax liabilities for which it could be severally liable. Verizon Opp. ¶ 30. Accordingly, there is a strong legal and equitable basis for the Court to exercise its supplemental jurisdiction over Verizon's state-law indemnification claim (or some part thereof); and, therefore, decline to sever and remand Verizon's claims back to the Delaware Court of Chancery.

## CONCLUSION

For the above reasons, the United States respectfully requests the Court allow Verizon's state-law indemnification claim (or some part thereof) to remain in this Removal Action. The United States does not oppose the severance and remand of all the other claims.

Date: July 20, 2020

                                    RICHARD E. ZUCKERMAN
                                    Principal Deputy Assistant Attorney General

                                    */s/ Dennis M. Donohue*
                                    DENNIS M. DONOHUE (OH Bar # 0026504)
                                    Chief Senior Litigation Counsel
                                    CATRIONA M. COPPLER (D.C. Bar # 241446)
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    P.O. Box 227
                                    Washington, D.C.  20044
                                    Telephone:  202-307-6492 (DMD)
                                                            202-514-5153 (CMC)
                                    Fax:  202-514-6866
                                    Dennis.Donohue@usdoj.gov
                                    Catriona.M.Coppler@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 20, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who have entered their appearance in this action.

                               */s/ Dennis M. Donohue*
                               DENNIS M. DONOHUE
                               Chief Senior Litigation Counsel
                               United States Department of Justice, Tax Division