IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                                          )
                                                )
ALTABA, INC.,                                   )     Case No. 1:20-cv-00813-LPS
                                                )
            Petitioner.                         )
                                                )
_____ )

## JOINT MOTION TO CONTINUE HEARING

The United States of America and Petitioner, Altaba, Inc. ("Altaba") respectfully request

that the Court continue the hearing on the Joint Motion to Sever and Remand that is currently

scheduled to take place on August 13, 2020, at 10:30 a.m.  Order, D.I. 28.  The parties to this

motion suggest that a continuance of seven to ten days would be appropriate, and in support

thereof aver as follows:

1.      On June 29, 2020, the United States and Altaba filed a Joint Motion to Sever and

Remand Certain Claims to the Delaware Court of Chancery ("Joint Motion").  Joint Mot., D.I. 6.

2.      Verizon Communications Inc. and Oath Holdings Inc. (together "Verizon") filed

an Opposition to the Joint Motion on July 13, 2020.  Verizon Opp., D.I. 20.  Verizon asserted

that because there is a common nucleus of operative fact between the Internal Revenue Service's

("Service") claim for taxes and Verizon's tax-related indemnification claims, the Court should

decline to sever and remand Verizon's claims back to the Delaware Court of Chancery.  *Id.*

3.      On July 13, 2020, both Altaba and the United States filed replies.  *See generally*

Altaba Reply, D.I. 20; U.S. Reply, D.I. 24.  Altaba argued in its Reply that Verizon's claim

should be remanded because it is not within the scope of the Court's supplemental jurisdiction.

Altaba Reply, D.I. 12.  Specifically, Altaba argued that to resolve Verizon's claim requires an

interpretation of a Delaware contract, and as such, Verizon's claim is only tangentially related to

the Service's claim.  *Id.* at 1-2.  In contrast, the United States took the position that to the extent

1

that Verizon may be liable for the payment of some of the tax liabilities set forth in the Service's

claim, there is a common nucleus of operative fact between the Service's claim and Verizon's

claim.  U.S. Reply, D.I. 25.  Thus, the United States asserted that so long as Altaba refused to

hold back the full amount of the Service's claim, Verizon's claim should not be remanded.  *Id.* at

¶¶ 16-17.

4.      On August 10, 2020, the Court granted the uncontested portions of the Joint

Motion, and remanded all claims, except for the Service's claims and Verizon's tax-related

claims, back to the Delaware Court of Chancery for further proceedings.  Order, D.I. 28.

5.      A hearing on the contested portions of the Joint Motion is scheduled to occur on

August 13, 2020, at 10:30 a.m.  *Id.*

6.      The United States and Altaba have negotiated a comprehensive resolution of both

the above-captioned action ("Removal Action"), and the related collection action, *United States*

*v. Altaba, Inc.*, 1:20-cv-00811-LPS (D. Del.) ("Collection Action").  This resolution, which

includes an agreement as to the amount and form of security that would be sufficient to provide

compensation for the Service's tax claims, as contemplated by 8 Del. C. § 280(c)(1), is nearly

complete and remains subject to final approval from appropriate officials with authority to

approve the agreement.

7.      If the comprehensive resolution is finalized, Altaba and the United States would

request that the Removal Action be dismissed insofar as the Service's claims.  In that event, the

Joint Motion to Sever and Remand would become moot, and the parties would respectfully

request the Court to remand Verizon's tax-related claims to the Delaware Court of Chancery for

further proceedings.  *See* 28 U.S.C. § 1441(c)*; see also Robinson v. U.S. Cold Storage, Inc.*, No.

01-cv-697, 2002 WL 187511, at *3 (D. Del. Feb. 5, 2002) (holding that where a federal

defendant is dismissed from an action that was removed under 28 U.S.C § 1442(a)(1), the court should not exercise supplemental jurisdiction over the remaining state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so).

8.      Accordingly, in an effort to avoid unnecessary costs of litigation and conserve judicial resources, the United States and Altaba request that the hearing on the Joint Motion be continued to allow the parties to finalize the comprehensive resolution described herein.

WHEREFORE, the United States and Altaba respectfully request that the hearing currently scheduled for August 13, 2020, at 10:30 a.m. be continued for seven to ten days, or until Monday August 24, 2020, or such other date that is convenient to the Court.

Respectfully submitted,

/s/ Dennis M. Donohue

Dennis M. Donohue (OH Bar # 0026504)
Chief Senior Litigation Counsel
Catriona M. Coppler (D.C. Bar # 241446)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Tel.:  (202) 307-6492 (DMD)
Tel.:  (202) 514-5153 (CMC)
Fax:  (202) 514-6866
Dennis.Donohue@usdoj.gov
Catriona.M.Coppler@usdoj.gov


*Attorneys for the United States of America*

/s/ Paul J. Lockwood

Paul J. Lockwood (ID No. 3369)
Arthur R. Bookout (ID No. 5409)
Matthew P. Majarian (ID No. 5696)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
920 N. King Street
P.O. Box 636
Wilmington, DE  19899-0636
Tel.:  (302) 651-3000
Fax:  (302) 651-3001
Paul.Lockwood@skadden.com
Arthur.Bookout@skadden.com
Matthew.Majarian@skadden.com

 - and -

Armando Gomez (*pro hac vice* pending)
David Foster (*pro hac vice* pending)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue NW
Washington, D.C. 20005
Tel.: (202) 371-7000
Fax: (202) 661-8284
Armando.Gomez@skadden.com
David.Foster@skadden.com


*Attorneys for Petitioner Altaba, Inc.*

DATED:  August 12, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2020, I electronically filed the foregoing document

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to

all counsel of record who have entered their appearance in this action.


*/s/ Dennis M. Donohue*
DENNIS M. DONOHUE
Chief Senior Litigation Counsel
United States Department of Justice, Tax Division