IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 1:20-cv-00813-LPS |
| ALTABA, INC., | ) |
| | ) |
| Petitioner. | ) |

**[PROPOSED] ORDER GRANTING ALTABA, INC.'S AND THE UNITED STATES OF AMERICA'S JOINT MOTION REGARDING CLAIMS RAISED BY CLAIMANT THE INTERNAL REVENUE SERVICE**

Upon consideration of Altaba, Inc.'s ("Altaba") and the United States of America's Joint Motion Regarding Claims Raised by Claimant the Internal Revenue Service (the "Motion"),

IT IS HEREBY ORDERED this 26th day of October, 2020, that:

1. The Motion is GRANTED;

2. Altaba has complied with the procedures set forth in 8 *Del. C.* § 280 with respect to the claims of the Internal Revenue Service (the "Service");

3. Altaba has provided adequate notice to the Service under 8 *Del. C.* § 280;

4. The Service has filed an answer and counterclaim in response to Altaba's Verified Petition for Determinations Pursuant to 8 *Del. C.* § 280 (the "Petition") filed in the Delaware Court of Chancery proceeding from which this action was removed;

5. The Service has commenced a "proceeding" within the meaning of 8 *Del. C.* § 280(a)(4) with respect to the Third Revised Claims (as defined in the Motion), such that the Third Revised Claims are not and will not be barred by operation of the 120-day time limit in 8 *Del. C.* § 280(a)(4);

6. Altaba shall not plead, assert or argue that the 120-day period set forth in 8 *Del. C.* § 280(a)(4) has expired in connection with future claims by the Service associated with tax year 2020 or any subsequent tax year;

7. Based on the agreement between the United States and Altaba, as set forth in the Motion, Altaba shall retain the "Agreed Security Amount", as described in the Motion, and subject to reduction as stated therein, to provide compensation for the Service's claims against Altaba, as contemplated by 8 *Del. C.* § 280(c)(1);

8. Altaba shall retain the Agreed Security Amount in a separate account established in Altaba's name at U.S. Bank, with the understanding that the Agreed Security Amount will be held in such account for purposes of satisfying the claims of the Service and released only as described in the Motion;

9. Except as stated in the Motion or as may be directed by further order of this Court, Altaba shall not remove any portion of the Agreed Security Amount from such account;

10. Nothing in this Order precludes or limits Altaba's board of directors from making interim or final distributions to Altaba's stockholders as contemplated by the Petition; provided that such distributions do not reduce the Agreed Security Amount except as permitted in paragraph 26 of the Motion and provided that Altaba first receives approval, if required, from the Delaware Court of Chancery prior to making any such interim or final distributions;

11. There being no other claims pending before this Court relating to the Service's holdback claim, this action, insofar as it relates to the Service's holdback claim, is hereby dismissed, provided that either party may petition this Court to enforce the terms of this Order, but only as expressly permitted in the Motion;

12. This Order is without prejudice to the tax-related indemnification claims asserted by Verizon Communications Inc. and Oath Holdings Inc. (collectively, "Verizon") against Altaba; nothing in this Order binds Verizon, or precludes or limits any claims or arguments that Verizon may assert regarding any security that Verizon may seek for its tax-related

indemnification claims against Altaba; this Order does not, and is not intended to, constitute a judicial finding or determination as to, or evidence of, the amount of security, holdback, or provision sufficient to compensate the Service for Altaba's federal tax liabilities and Altaba agrees that it will not introduce, cite or rely upon the Order as evidence of, or as a basis for, the amount of the security, holdback, or provision sufficient to compensate for Verizon's tax-related indemnification claims; and this Order in no way operates, or is intended to operate, to preclude, limit or moot Verizon's tax-related indemnification claims under res judicata, collateral estoppel, law of the case, or other legal doctrine; for the avoidance of doubt, this Order does not restrict any litigant's ability to (i) introduce, cite or rely upon the Order for purposes of establishing the amounts Altaba is required to hold as security for the Service's claims in any subsequent proceedings, and (ii) subject to compliance with applicable court rules and applicable rules of evidence, introduce, cite or rely upon the agreement of the United States set forth in the Motion, as well as any statements made by counsel for the United States or counsel for the Service, orally or in writing, as evidence of, or as a basis for, the amount of the security, holdback, or provision sufficient to compensate for Verizon's tax-related indemnification claims.

13. In light of the Court's dismissal of the Service's holdback claim in accordance with paragraph 11, and the Court's ruling in paragraph 12 that this Order is without prejudice to any claims or arguments that Verizon may assert with respect to its tax-related indemnification claims against Altaba, the Court remands Verizon's tax-related indemnification claims to the Delaware Court of Chancery for further proceedings; and

14. The Clerk of the Court is directed to submit the attached letter and file to the Delaware Court of Chancery.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE